FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 9 2011

JAMES W. McCORMACK, CLERK
By: _____
                          DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| DODY BUSH-RETHERFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALLIED DATA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

1:11CV040BRW

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

## COMPLAINT

NOW COMES the Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ALLIED DATA CORPORATION, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DODY BUSH-RETHERFORD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Violet Hill, County of Izard, State of Arkansas.

5. The debt that Plaintiff allegedly owed was incurred primarily for the personal use of Plaintiff and/or for household expenditure.

1

6.    At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    ALLIED DATA CORPORATION, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Texas.

8.    The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

13.    In or around January 2011, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff.

14.    Defendant informed Plaintiff that she owed a debt in the amount of $170.

15.     Plaintiff informed Defendant that she disputed the amount of the debt she allegedly owed.

16.     Defendant responded by telling Plaintiff "I really do not want to litigate this."

17.     Defendant's representation, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff failed to pay to pay the debt she allegedly owed, then Defendant would file a lawsuit against her.

18.     Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

19.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

20.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

21.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

22.     In response to Defendant's statement and under the threat of litigation, Plaintiff informed Defendant that she wanted to pay the debt on which it was attempting to collect.

23.     The parties agreed that Plaintiff would pay Defendant a total of $142.

24.     The parties agreed that Plaintiff was to pay Defendant the aforesaid amount in two (2) payments, each of $71.

25.     The parties agreed that the first payment of $71 was to be made on February 3, 2011.

26.     The parties agreed that the second payment of $71 was to be made on March 2, 2011.

27.     Plaintiff was unable to Defendant the first payment of $71 on February 3, 2011.

28. On or about February 17, 2011, Defendant initiated a telephone call to Plaintiff and asked Plaintiff why she did not make a payment to Defendant on February 3, 2011.

29. During the aforesaid telephone call, Plaintiff informed Defendant that she could make one (1) lump sum payment to Defendant in the previously agreed upon amount of $142.

30. Plaintiff informed Defendant that she could pay Defendant the $142 on or after February 28, 2011.

31. Plaintiff informed Defendant that she could not make a payment to Defendant prior to February 28, 2011 as she would not have sufficient funds to pay for the payment.

32. Defendant agreed to accept a post-dated payment from Plaintiff in the amount of $142 to be paid on or after February 28, 2011.

33. Plaintiff confirmed with Defendant that the payment would only be in the amount of $142.

34. Plaintiff also confirmed with Defendant that she would not be charged any additional fees over the $142.

35. Defendant informed Plaintiff that the payment would only be in the amount of $142.

36. On or prior to February 28, 2011, Plaintiff ensured that she had $142 available in her checking account so that Defendant could obtain the aforesaid payment.

37. On or about March 2, 2011, Defendant presented a post-dated payment from Plaintiff for deposit in the amount of $152.

38. Defendant did not provide Plaintiff with written notification of its intent to deposit the aforementioned postdated payment.

39. On or about March 2, 2011, Defendant presented a post-dated payment for deposit in an amount greater than that which was agreed upon by the parties.

40. On or about March 2, 2011, despite the parties having agreed that Plaintiff would pay $142, Defendant presented a payment of $152 for deposit.

41. Plaintiff never provided Defendant with authorization to withdraw $152 from her bank account.

42. Defendant's representations that it would only accept $142 from Plaintiff, as delineated above, were false, deceptive and/or misleading given that it accepted funds from Plaintiff in excess of $142.

43. At the time Defendant presented the payment of $152 for deposit, Plaintiff did not have $152 in her bank account.

44. At the time Defendant presented the payment of $152 for deposit, Plaintiff incurred an overdraft fee as she did not have sufficient funds in her bank account.

45. To date, Defendant has not refunded to Plaintiff the funds it obtained from her account that were in excess of the amount that was agreed upon by the parties.

46. To date, Defendant has not refunded to Plaintiff the overdraft fee that she incurred when Defendant took unauthorized funds from her account and caused an overdraft on Plaintiff's account.

47. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

5

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    e. Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

    f. Accepted a payment postdated by more than five days and failed to notify Plaintiff in writing of its intent to deposit said payment not more than ten nor less than three business days prior to such deposit in violation of 15 U.S.C. §1692f(2); and,

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

48. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

49. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
DODY BUSH-RETHERFORD

By: _____
David M. Marco
Attorney for Plaintiff

Dated: May 6, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us